

Clyde & Co US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
United States
T: +1 212 710 3900

June 6, 2018

**VIA ECF AND E-MAIL**
The Honorable Richard J. Sullivan
Thurgood Marshall United States Courthouse
40 Foley Square
E-mail: sullivannysdchambers@nysd.uscourts.gov

Re:   <u>Gemini Ins. Co. v. Acella Pharmaceuticals, LLC, et al.</u>
       Case No: 1:18-cv-04378-RJS

Dear Judge Sullivan:

Our law firm represents the plaintiff Gemini Insurance Company ("Gemini") in the captioned lawsuit involving the availability of insurance coverage for intentional and willful misconduct committed for purposes of competitive advantage. Under the Court's Individual Rule 2.A and 06/01/2018 Order (DE 20), Gemini respectfully responds to Acella Pharmaceuticals, LLC's ("Acella") letter requesting a pre-motion conference so it can move to dismiss and to transfer.  As previewed for Your Honor below, Acella's position is entirely without legal or factual merit.

**A.     At the outset, it bears noting that Acella does not dispute the Court has subject matter jurisdiction over Gemini's claims against Acella.**  The Court's subject matter jurisdiction over Gemini's claims against Acella, Deas, Bryant, and the Ackermans is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332 (DE 1, Pg. 2/14, ¶4), and the parties do not dispute Gemini's claims meet the requirements of 28 U.S.C. § 1332. It is dubious for Acella to even argue that the Court lacks jurisdiction over Gemini's claim against the Akermans, or otherwise move to dismiss on the Ackermans' behalf. *See Nat'l Cas. Co. v. Jordache Enters., Inc.*, 848 F. Supp. 1112, 1119 (S.D.N.Y. 1994) (holding insured defendant did not have standing to move to dismiss insurer's declaratory judgment complaint regarding the other named defendants).

**B.     Regardless, dismissal of the Akermans would be improper because they are necessary parties. As the underlying claimants, the Akermans have an interest in the availability of insurance coverage to satisfy any judgment against Acella.**  The Akermans are required parties under Fed. R. Civ. P. Rule 19 because they are the claimants who sued Gemini's insureds Acella, Deas, and Bryant. They have an interest in the Court's determination in this action. Indeed, counsel for the Akermans have specifically expressed a desire to participate. An actual controversy exists between Gemini and the Akermans. And Gemini's complaint requests this Court adjudicate the rights of all parties in this action based on the Court's interpretation of the insurance contract and also seeks a declaration there is no coverage under the Gemini policy for the Akermans' lawsuit. (DE 1, Pg. 14/14.)

C.  "Declaratory judgments are an effective device to determine whether an insurer is obligated to defend or indemnify an insured for liability arising from a particular incident." *White v. Nationwide Mut. Ins.*, 228 A.D.2d 940, 941 (N.Y. App. Div. 3d Dept. 1996). Moreover, "[a] declaratory judgment serves a legitimate purpose only when all interested persons who might be affected by the enforcement of rights and legal relations are parties." *Id.* Indeed, the *White* court recognized "that the person most interested in this [coverage] dispute is the injured person." *Id.*

D.  **To that end, federal courts in New York have uniformly held that an underlying claimant is a necessary party in a declaratory judgment action between an insurer and its insured regarding the existence of coverage for a suit by the underlying claimant.** *See, e.g., First Mercury Ins. Co. Inc. v. Schnabel Roofing of Long Island, Inc.*, No. 10-CV-4398 JS AKT, 2011 WL 883757, at *1 (E.D.N.Y. Mar. 11, 2011) (underlying claimants were "necessary parties" in declaratory judgment action by insurer against its insured); *Am. Home Assur. Co. v. Babcock & Wilcox Co.*, No. 06-CV-6506, 2007 WL 4299847, at *1 (E.D.N.Y. Dec. 6, 2007) (underlying claimant was an indispensable party in a declaratory judgment action between insurer and insured because the claimant was judgment creditor with a right to collect on any insurance proceeds implicated by the jury verdict against the insured). Acella curiously failed to bring any of this authority to the Court's attention.

E.  Generally, "**the normal alignment of parties in a suit seeking a declaratory judgment of non-coverage is Insurer versus Insured and Injured Party. … This is so because any finding that the insurer owes a duty to indemnify an insured mutually benefits the insured party and the injured party.** The insured party is relieved of having to pay the judgment out of his own pocket, at least to the extent of the policy limit." *Romano v. Am. States Ins. Co.*, 295 F. Supp. 3d 307, 316 (W.D.N.Y. 2017) (citation omitted.)

F.  In *New York Cent. Mut. Fire Ins. Co. v. Kilmurray*, 181 A.D.2d 40 (N.Y. App. Div. 3d Dept. 1992), the court held "the injured claimant seeking to recover damages in the tort action against one of the insureds … is probably the person most interested in the dispute between [the insurer] and its insureds concerning [the insurer's] duty under its insurance policy, even though [the claimant] has no contractual relationship with [the insurer]." *Id.* at 41-42. According to the court, "[t]he injured claimant can maintain a direct action against the insurer if he obtains a judgment against an insured (*Insurance Law* § 3420[b][1] ) and, therefore, he is a proper party to a declaratory judgment action by the insurer to determine its duty under the relevant insurance policy." *Id.* at 42. Dismissal of the Akermans is improper.

G.  **In Georgia, which is where Acella wants this case transferred after the Akermans are presumably dismissed—the Eleventh Circuit is clear that the Akermans are necessary parties. But, in Georgia, Gemini would have no personal jurisdiction over the Akermans.** Gemini should not be relegated to jurisdictional purgatory. "Eleventh Circuit law is clear that the tort claimant is a required party to a declaratory judgment action." *Owners Ins. Co. v. Rightway Drywall, Inc.*, No. 5:09-CV-374 HL, 2011 WL 2473134, at *1 (M.D. Ga. June 22, 2011). In *Ranger Ins. Co. v. United Housing of New Mexico*, 488 F.2d 682 (5th Cir. 1974), the court determined that the absent tort claimants were indispensable parties to the insurer's declaratory judgment action against the insured because, if the case was allowed to proceed without the tort claimants, "the claimants' interests would be prejudiced." *Id.* at 683. The *Ranger* court held that if the absent injured party received a judgment against the insured in the underlying lawsuit, the injured party would have to contend with the *stare decisis* effect of a judgment in the coverage case or would be forced to re-litigate the effect of the judgment in a separate, direct action against the insurer. *Id.* In *Am. Safety Cas. v. Condor Assocs.*, 129 Fed. Appx. 540 (11th Cir. 2005), the Eleventh Circuit followed *Ranger* to affirm the dismissal of a liability insurer's declaratory judgment action regarding the availability of insurance coverage where the insurer failed to name the underlying plaintiff as a defendant. Acella's proposed motion is entirely without merit.

**H.     Transfer to the Northern District of Georgia is not even possible because Gemini could not have filed suit in that venue.** The decision in *Illinois Nat'l Ins. Co. v. Banc One Acceptance Corp.*, No. 05-CV-1260, 2008 WL 5423262 (N.D.N.Y. Dec. 29, 2008) is directly on point. In a declaratory judgment action by an insurer against its insured, the insured moved to transfer to the Northern District of Illinois. *Id.* at *4. Under 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Oparaji v. New York City Dept. of Educ.*, 172 Fed. Appx. 352, 354 (2d Cir. 2006). The insurer successfully opposed transfer because it could not have originally brought its action in Illinois since under Illinois and Seventh Circuit case law, the underlying claimant is a necessary party. Because the underlying claimant was a New York resident not subject to personal jurisdiction in Illinois, the insurer could not have commenced its coverage action in the Northern District of Illinois.

**I.     Acella relies on a 1986 decision from the Northern District of Illinois, *Liberty Mut. Ins. Co. v. Batteast*, 113 F.R.D. 77 (N.D. Ill. 1986), which is not binding or even particularly relevant since it is in the Seventh Circuit and under Illinois case law.** Regardless, the case itself is likely no longer good law since the court in *Illinois Nat'l* cited a more recent decision, *Georgia-Pac. Corp. v. Sentry Select Ins.*, No. 05-CV-826-DRH, 2006 WL 1525678 (S.D. Ill. 2006), which after analyzing Illinois state and federal case law, concluded "if [a] declaratory judgment action is filed by the insurer or involves a determination of insurance coverage or both, then the underlying claimant is considered a necessary party." *Id.* at *6.

**J.     Judicial efficiency favors this action remain before Your Honor, who presided over the trial in the *Merck* decision and issued the binding findings of fact and conclusions of law regarding Acella's intentional and unfair competitive practices—which will inform the existence of coverage and according to the Akermans—also informs their theory of liability against Acella.** This is not Acella's first motion to transfer before this Court. Acella unsuccessfully moved to transfer the *Merck* case to the Northern District of Georgia, which this Court denied. *See Merck Eprova AG v. Brookstone Pharm., LLC*, No. 1:09-cv-09684-RJS (*See* Order dated 12/15/09, DE 32.) The Court rightly noted that a plaintiff's choice of forum should be controlling "unless the balance of convenience and justice weighs heavily in favor of defendant's forum." (*Id.*, Pg. 4/11.) Your Honor further concluded transfer was not warranted because the witnesses were scattered across the country and the corporate parties did business nationwide. (*Id.*, Pgs. 4-5.) Here, Gemini and Acella do business nationwide, and the Akermans are citizens of New York.

The anticipated motions to dismiss and to transfer are entirely without merit and would merely serve to squander precious judicial and litigant resources.

Respectfully submitted,

Scott Schwartz
Scott.Schwartz@clydeco.us