# GLEASON, DUNN, WALSH & O'SHEA

FRANK C. O'CONNOR III
BRENDAN C. O'SHEA
MARK T. WALSH
RONALD G. DUNN
THOMAS F. GLEASON
MICHAEL P. RAVALLI*
LISA F. JOSLIN†
RICHARD C. REILLY
TAMMY L. CUMO^

**ATTORNEYS**
**40 BEAVER STREET**
**ALBANY, NEW YORK 12207**
(518) 432-7511
FAX (518) 432-5221
www.gdwo.com

DANIEL A. JACOBS
NATALIE S. PETERMAN
BRENDAN D. SANSIVERO
DANIELLE L. PENNETTA†◊
CHRISTOPHER M. SILVA*

HAROLD E. KOREMAN
(1916 – 2001)

\* ALSO ADMITTED IN CONNECTICUT
† ALSO ADMITTED IN VERMONT
^ ALSO ADMITTED IN MASSACHUSETTS
◊ ALSO ADMITTED IN NEW JERSEY

July 30, 2018

**VIA ECF FILING and**
**E-MAIL -- sullivannysdchambers@nysd.uscourts.gov**

The Honorable Richard J. Sullivan
United States District Court Judge
Southern District of New York
Thurgood Marshal United States Courthouse
40 Foley Square
New York, New York  10007

> Re:  *Gemini Ins. Co. v. Acella Pharmaceuticals, LLC, et al.*
> Case No: 1:18-cv-04378-RJS

Dear Judge Sullivan:

Defendants Neil Akerman and Sheila Akerman (collectively the "Akermans") submit this Letter Brief in response to this Court's *sua sponte* motion "to dismiss this case for lack of proper venue or, in the alternative, to transfer venue."

As an initial matter, the Akermans do not oppose the Court's proposed transfer of this case to the Eastern District of New York.  The Akermans do contend that venue in the Southern District of New York would be proper because that is where the matter of *Merck Eprova AG v. Brookston Pharm., LLC* was heard.  *See Navigators Mgmt. Co. v. St. Paul Fire & Marine Ins. Co.*, 06 C.V. 599 (LBS), 2006 U.S. Dist. Lexis 83220, 2006 WL 3317030 (S.D.N.Y. 2006) [finding that "it is in the interest of judicial economy for the court already familiar with the underlying cause(s) of action giving rise to [a] coverage dispute" to decide the insurer's declaratory judgment action].  *See also Sulzer Mixpac AG v. Pac-Dent International, Inc., et. al.,*

Hon. R. J. Sullivan
Dated: July 30, 2018
Page **2** of **4**

16 C.V. 5017 (DAB) (S.D.N.Y. 2017). Nevertheless, the Akermans do not oppose transfer to the Eastern District of New York—where the Akermans' reside and their state court action against Defendant Acella Pharmaceuticals, LLC ("Acella"), *Akerman, et. al. v. Acella Pharmaceuticals, LLC, et. al.*, Sup. Ct., Kings Co., Index No. 2390/14, is pending.

With respect to dismissal, however, the Akermans oppose any dismissal of Plaintiff's claims—other than on the merits—to the extent it could result in this insurance coverage dispute, or any *res judicata* and/or collateral estoppel issues relating to the *Merck* matter and the Akermans' state court action, being decided in an action that the Akermans are not a party to.

With respect to insurance coverage, the Akermans have a concrete interest in arguments made by Acella concerning coverage, as an adverse determination against Acella in any coverage dispute could clearly impede or have an impact on the Akermans' efforts to collect against the policy for any judgment against Acella in the Akermans' state court litigation. *See, Federal Rules of Civil Procedure*, Rule 19. The parties' various claims and defenses also arise out of the same transaction, occurrence, or series of transactions or occurrences; and may involve questions of law or fact common to all defendants. *See, Federal Rules of Civil Procedure*, Rule 20.

With respect to Plaintiff's assertions concerning the impact of this Court's prior rulings, the Akermans agree that this Court's prior findings of facts and conclusions of law in the *Merck* decision are *res judicata* and/or collateral estoppel as to Defendant Acella. The Akermans maintain that the precise *res judicata* and/or collateral estoppel effect of this Court's *Merck* decision on the Akermans' pending state court action can best be determined by the state court— where the Akermans' claims are being litigated. If this Court is going to decide any such *res*

Hon. R. J. Sullivan
Dated: July 30, 2018
Page **3** of **4**

*judicata* and/or collateral estoppel issues, however, the Akermans respectfully submit that they need to be a party to this litigation.

In this respect it is important to note that the issues in the Akermans' state court action have not been accurately stated by the Plaintiff. Plaintiff characterizes the Akermans' causes of action, for example, as being limited to Acella's fraudulent mislabeling of its products and intentional efforts to mislead the public. But the allegations in the Akermans' state court complaint are much broader than Plaintiff suggests, and include claims for: strict product liability; failure to warn; breach of express warranty; breach of implied warranty; fraud; misrepresentation; and negligence.[1] It is respectfully submitted, therefore, that coverage issues that depend upon the nature of the insured's conduct cannot be determined as a matter of law in the instant case, as they depend upon the Akermans' actual claims—and the resolution of factual issues in the Akermans' state court action.

---

[1] The Akermans' State Court complaint alleges:

(a) Acella's product, Neurpath-B and its underlying source of folates, Xolafin-B was defective; (b) Acella was negligent and grossly negligent in formulating, manufacturing, labeling, promoting, advertising and selling Neurpath-B and its underlying source of folates, Xolafin-B; (c) Acella breached its warranties; and (d) Acella falsely and misleadingly labeled and promoted Neurpath-B and its underlying source of folates, Xolafin-B—all of which conduct resulted in the Akermans' daughter being born with a neural tube defect, spina bifida, that has left her paralyzed, among other injuries.

Hon. R. J. Sullivan
Dated: July 30, 2018
Page **4** of **4**

For the reasons set forth above, the Akermans stipulate that this action can either be maintained in the Southern District of New York or transferred to the Eastern District of New York. The Akermans believe that they are proper parties to this litigation, however, and that this case should be maintained in a court that has jurisdiction over them. *See, e.g. Navigators* at p. 5 [taking into account the expressed intent of certain injured parties to intervene in a coverage dispute in determining to transfer the coverage dispute to a venue that was more convenient to those injured parties.]. As a result, this matter should not be dismissed, and any determinations regarding coverage should await a resolution of the Akermans' state court claims—and a resolution by the state court of the *res judicata* and/or collateral estoppel effect of this Court's *Merck* decision on those claims.

          Respectfully submitted,
          **GLEASON, DUNN, WALSH & O'SHEA**

By: _____
          Richard C. Reilly, Esq.
          Bar Role No. RR1357
          40 Beaver Street
          Albany, New York 12207
          Tel: (518) 432-7511
          Email: rreilly@gdwo.net
          *Co-Counsel for Defendants*
          *Neil Akerman and Sheila Akerman*

          Harry I. Rothenberg, Esq.
          The Rothenberg Law Firm LLP
          450 Seventh Avenue, 44th Floor
          New York, New York 10123
          Tel: (212) 563-0100
          Email: harry@injurylawer.com
          *Co-Counsel for Defendants*
          *Neil Akerman and Sheila Akerman*