William G. Passannante, Esq. (WP-7460)
Raymond A. Mascia Jr., Esq. (RM-8722)
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733
E-mail:  wpassannante@andersonkill.com
E-mail:  rmascia@andersonkill.com

*Attorneys for Defendant Acella
Pharmaceuticals, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEMINI INSURANCE COMPANY, <br><br>                  Plaintiff, <br><br>        v. <br><br> ACELLA PHARMACEUTICALS, LLC, HAROLD ARTHUR DEAS, THOMAS JEFFREY BRYANT, NEIL AKERMAN AND SHEILA AKERMAN, <br><br>                  Defendants. | No. 1:18-CV-04378 (RJS) |

**DEFENDANT ACELLA PHARMACEUTICALS, LLC'S MEMORANDUM
OF LAW: (1) IN SUPPORT OF THE COURT'S *SUA SPONTE* MOTION TO
DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER
VENUE; AND (2) IN OPPOSITION TO PLAINTIFF GEMINI INSURANCE
COMPANY'S OPPOSITION TO THE COURT'S *SUA SPONTE* MOTION**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ......................................................................................1

ARGUMENT .................................................................................................................3

I.      GEMINI HAS FAILED TO ESTABLISH THAT VENUE IS PROPER IN
        THE SOUTHERN DISTRICT OF NEW YORK UNDER 28 U.S.C.
        § 1391(B)(2)......................................................................................................3

        A.      To Defeat a Venue Challenge Under 28 U.S.C. § 1391(b)(2),
                Gemini Must Show that Substantial and Significant Conduct
                Giving Rise to Its Claims Occurred in the Southern District of New
                York .........................................................................................................4

        B.      The Nature of Gemini's Declaratory Judgment Claim Is that There
                Is No Insurance Coverage Under an Insurance Policy Sold in
                Georgia for Alleged Conduct in Brooklyn and Georgia .........................4

        C.      None of the Conduct Giving Rise to Gemini's Declaratory
                Judgment Claim Took Place in the Southern District, and Gemini
                Has Failed to Cite a Single Case Suggesting that a Prior Decision
                Is Sufficient to Establish Venue Under 28 U.S.C. § 1391(b)(2) ...........8

II.     WHETHER DISMISSAL OR TRANSFER IS APPROPRIATE LIES
        WITHIN THE "SOUND DISCRETION" OF THIS COURT.......................10

CONCLUSION............................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Am. Boat Co., LLC*,
No. 11-CV-6804, 2012 U.S. Dist. LEXIS 56622 (S.D.N.Y. Apr. 20, 2012) ..........................5

*Daniel v. Am. Bd. of Emergency Med.*,
428 F.3d 408 (2d Cir. 2005) ........................................................................................... 4, 11

*Farberware Licensing Co. LLC v. Meyer Mktg. Co.*,
No. 09-CV-2570, 2009 U.S. Dist. LEXIS 40782 (S.D.N.Y. May 14, 2009) ........................10

*Gulf Ins. Co. v. Glasbrenner*,
417 F.3d 353 (2d Cir. 2005) .....................................................................................................5

*Home Ins. Co. v. Liberty Mut. Ins. Co.*,
678 F. Supp. 1066 (S.D.N.Y. 1988).........................................................................................6

*McCulley v. Anglers Cove Condo. Ass'n*,
977 F. Supp. 177 (E.D.N.Y. 1997).........................................................................................11

*Meeker v. Starfish Children's Servs.*,
No. 16-CV-2263, 2016 U.S. Dist. LEXIS 140722 (S.D.N.Y. Oct. 11, 2016).........................3

*Merck Eprova AG v. Brookstone Pharms.*,
920 F. Supp. 2d 404 (S.D.N.Y. 2013).................................................................................2, 9

*Minnette v. Time Warner*,
997 F.2d 1023 (2d Cir. 1993)..................................................................................................11

*Navigators Mgmt. Co. v. St. Paul Fire & Marine Ins. Co.*,
No. 06-CV-0599, 2006 U.S. Dist. LEXIS 83220 (S.D.N.Y. Nov. 9, 2006)........................8, 9

*Royal Ins. Co. of Am. v. Tower Records, Inc.*,
No. 02-CV-2612, 2002 U.S. Dist. LEXIS 20109 (S.D.N.Y. Oct. 21, 2002)...........................5

*Seneca Ins. Co. v. Henrietta Oil Co.*,
No. 02-CV-3535, 2003 U.S. Dist. LEXIS 1608 (S.D.N.Y. Jan. 31, 2003).......................5, 11

*Torus Ins. (UK) LTD v. Coastal Towing, LLC*,
No. 14-CV-9785, 2015 U.S. Dist. LEXIS 58653 (S.D.N.Y. May 5, 2015) ............................5

## Statutes

28 U.S.C § 1391(b)(2)....................................................................................................*passim*

28 U.S.C. § 1406(a) ..................................................................................................2, 3, 10, 11

Defendant Acella Pharmaceuticals, LLC ("Acella") respectfully submits this memorandum of law: (1) in support of the Court's *sua sponte* motion to dismiss for improper venue or, in the alternative, to transfer venue (ECF No. 36); and (2) in opposition to plaintiff Gemini Insurance Company's ("Gemini") opposition to the Court's *sua sponte* motion ("Gemini's Opp.," ECF No. 39). This memorandum of law is further supported by the Declaration of Raymond A. Mascia Jr., dated July 30, 2018, with attached exhibits.[1]

## PRELIMINARY STATEMENT

At the initial conference, this Court observed that none of the conduct giving rise to Gemini's declaratory judgment claim happened in the Southern District of New York. *See* Ex. 1 (Conf. Tr., June 25, 2018), at 4:14-23. Indeed, this action concerns Gemini's coverage obligations for the Akermans' personal injury lawsuit (the "Akerman Lawsuit") under a liability insurance policy that Gemini sold in Georgia to a Georgia policyholder through a Georgia broker (the "Policy"). *See* Ex. 2 (Policy), at Declarations Page. The Akerman Lawsuit is pending in Brooklyn, New York. *See* Ex. 3 (Akerman Am. Compl.). The Akerman Lawsuit alleges personal injury in Brooklyn arising out of the alleged sale of a folate-containing medical food called Neurpath-B, which allegedly was sold at a pharmacy in Brooklyn. *See generally id.* None of the parties reside in the Southern District. Thus, the Court noted at the initial conference: "It seems that none of the conduct has taken place here. The negotiation of the [insurance policy] didn't take place here. The performance of the [insurance policy] is not taking place here. The underlying litigation that is the subject of this [insurance coverage] dispute is not here." Ex. 1 at 4:14-19.

---

[1] Exhibits referenced in this memorandum are attached to the Mascia Declaration.

Despite that all of the relevant conduct occurred outside of the Southern District, Gemini continues to argue that venue is proper in the Southern District under 28 U.S.C. § 1391(b)(2). Section 1391(b)(2) states that venue is proper in "a judicial district in which a substantial part of the *events or omissions* giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2) (emphasis added). Gemini's argument is wrong, and the Court should effectuate its *sua sponte* motion and dismiss or transfer this action pursuant to 28 U.S.C. § 1406(a).

Gemini asserts that venue is proper in the Southern District because this Court previously issued an adverse decision against Acella and co-defendants Harold Arthur Deas and Thomas Jeffrey Bryant (the "Acella Defendants") in a Lanham Act case regarding Acella's prior marketing and sale of folate-containing products. *See* Ex. 4 (Gemini Compl.) ¶ 5; *see also Merck Eprova AG v. Brookstone Pharms.*, 920 F. Supp. 2d 404 (S.D.N.Y. 2013) (the "Lanham Act Action" or the "Lanham Act Decision"). However, as this Court aptly noted at the initial conference, under Section 1391(b)(2), Gemini must show that *conduct* giving rise to *Gemini's claims in this action* occurred in the Southern District. Ex. 1, at 5:3-5 ("Venue isn't whether there are common issues. Venue turns on whether or not the conduct took place here.").

The Court's Lanham Act Decision does not constitute *conduct* that can establish venue in this insurance coverage action. Moreover, to the extent that conduct gave rise to venue in the Lanham Act Action, such conduct would not be the same conduct that gave rise to this insurance coverage dispute. Rather, as recognized by courts in the Second Circuit, for the purpose of determining venue, an insurance company's declaratory judgment action arises where the underlying event for which the policyholder seeks insurance coverage happened; where the insurance policy was negotiated, sold, or performed; or where the insurance policy was breached.

At the initial conference, this Court advised that it had not seen any case suggesting that a decision by itself is sufficient to establish venue under Section 1391(b)(2), even if that decision

could have preclusive effect.  *See* Ex. 1, at 4:20-23, 5:1-5, 6:14-18.  In its opposition to the

Court's *sua sponte* motion, Gemini has failed to cite a single decision to support its legal

argument that the Lanham Act Decision can establish venue in this insurance coverage action.

Thus, Gemini has failed to meet its burden that venue is proper in the Southern District.  This

action therefore action should be dismissed or transferred to the Eastern District of New York,

where the Akerman Lawsuit arose and is pending.

## ARGUMENT

As explained below, Gemini has failed to meet its burden of showing that venue is proper

in the Southern District under 28 U.S.C. § 1391(b)(2).  Because venue is improper, this Court

must dismiss or transfer this action pursuant to 28 U.S.C. § 1406(a).  Acella does not object to a

transfer to the Eastern District.  However, Acella respectfully submits that the decision to dismiss

or transfer is within the sound discretion of this Court, and therefore, an outright dismissal of this

action would be appropriate under the circumstances presented here.

## I. GEMINI HAS FAILED TO ESTABLISH THAT VENUE IS PROPER IN THE SOUTHERN DISTRICT OF NEW YORK UNDER 28 U.S.C. § 1391(B)(2)

In its Complaint, Gemini alleges that venue is proper in the Southern District under 28

U.S.C. § 1391(b)(2) because the Lanham Act Decision "was issued" in the Southern District.

Ex. 4 ¶ 5.  Under Section 1391(b)(2), venue is proper in "a judicial district in which a substantial

part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(2).

"Once an objection to venue has been raised," Gemini, as the plaintiff, "bears the burden of

proving that venue is proper."  *Meeker v. Starfish Children's Servs.*, No. 16-CV-2263, 2016 U.S.

Dist. LEXIS 140722, at *6 (S.D.N.Y. Oct. 11, 2016) (internal quotation marks and citation

omitted).  As explained below, Gemini has failed to meet its burden.

**A.    To Defeat a Venue Challenge Under 28 U.S.C. § 1391(b)(2), Gemini Must Show that Substantial and Significant Conduct Giving Rise to Its Claims Occurred in the Southern District of New York**

To defeat a venue challenge under Section 1391(b)(2), Gemini must meet a two-part inquiry, which asks whether substantial and significant *conduct* giving rise to Gemini's claims in this action occurred in the Southern District.  *First*, Gemini must "identify the nature of the claims and the *acts or omissions* that [it] alleges give rise to those claims."  *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005) (emphasis added).  *Second*, Gemini must show that "a *substantial part* of those *acts or omissions* occurred in the [Southern District], that is, whether *significant events or omissions* material to [those] claims . . . have occurred in the district in question."  *Id.* (emphasis added) (internal quotation marks and citation omitted) (second alteration and ellipsis in original).

**B.    The Nature of Gemini's Declaratory Judgment Claim Is that There Is No Insurance Coverage Under an Insurance Policy Sold in Georgia for Alleged Conduct in Brooklyn and Georgia**

In an transparent and incorrect attempt to tie the Lanham Act Decision to the question of venue in this case, Gemini argues that venue in an insurance company's declaratory judgment action concerning insurance coverage "depend[s] on the specific bases for an insurer's position regarding the lack of coverage."  Gemini's Opp. at 3.  Gemini then argues that the Southern District is a proper venue "because the findings of fact and conclusions of law that inform Gemini's coverage position were alleged, tried, and adjudicated in the Southern District of New York" in the Lanham Act Action.  *Id.*  Essentially, Gemini argues that the nature of its claims in this action is that the Lanham Act Decision collaterally estops Acella from seeking coverage under the Policy and that venue therefore is appropriate in the Southern District.  This argument is wrong for several reasons.

*First*, contrary to Gemini's contention, an insurance company's declaratory judgment action concerning insurance coverage does not depend on the "specific bases for an insurer's position regarding the lack of coverage." Gemini's Opp. at 3. Rather, as the Second Circuit has explained, an insurance company's declaratory judgment action "is about whether an insurance contract applies to provide coverage." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (internal quotation marks and citation omitted).

Thus, for the purpose of determining venue, an insurance company's declaratory judgment action arises in the judicial district where the underlying event for which the policyholder seeks insurance coverage happened; where the insurance policy was negotiated, sold, or performed; or where the insurance policy was breached. *See Torus Ins. (UK) LTD v. Coastal Towing, LLC*, No. 14-CV-9785, 2015 U.S. Dist. LEXIS 58653, at *6-7 (S.D.N.Y. May 5, 2015) (venue proper in the Southern District of New York "because [the insurance company's] claim . . . [arose] from the Policy which was negotiated, in part, in New York City and [the policyholder's] Policy insurance claim, which was reviewed in New York City"); *Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Am. Boat Co., LLC*, No. 11-CV-6804, 2012 U.S. Dist. LEXIS 56622, at *7 (S.D.N.Y. Apr. 20, 2012) (venue proper in the Southern District of Illinois, where the underlying events for which coverage was sought happened); *Seneca Ins. Co. v. Henrietta Oil Co.*, No. 02-CV-3535, 2003 U.S. Dist. LEXIS 1608, at *10-11 (S.D.N.Y. Jan. 31, 2003) (venue improper in the Southern District of New York because the insurance policy was negotiated and sold in Texas, through a Texas insurance broker, and because the underlying events for which coverage was sought happened in Texas); *Royal Ins. Co. of Am. v. Tower Records, Inc.*, No. 02-CV-2612, 2002 U.S. Dist. LEXIS 20109, at *9 (S.D.N.Y. Oct. 21, 2002) (venue proper where the insurance policy "was applied for, purchased, and delivered").

Gemini misrepresents *Home Insurance Co. v. Liberty Mutual Insurance Co.*, 678 F. Supp. 1066 (S.D.N.Y. 1988) as holding that venue may "not [be] proper where [the] underlying tort took place." Gemini's Opp. at 3. Contrary Gemini's representation, the court in *Home Insurance Co.* was not even considering the question of whether venue was proper where the underlying tort occurred in an insurance company's declaratory judgment against its policyholder. Rather, the court was faced with a *motion to transfer venue* under 28 U.S.C. § 1404(a) to the district where the underlying tort occurred in a case between *two insurance companies* concerning which insurance company's policy would pay first for an underlying settlement. The court denied the motion to transfer venue because the district where the underlying tort occurred "ha[d] no connection" to an "inter-carrier dispute involving understanding of the policies' provisions." *Id.* at 1071.

Thus, *Home Insurance Co.* did not even involve a policyholder's claim for coverage, and the court never considered whether, or held that, venue is improper where the underlying tort happens. Rather, the court simply held that the defendant failed to carry its burden that a transfer to that venue was the "most convenient place for adjudication of [an] inter-carrier dispute." *Id.* Accordingly, the case law in the Second Circuit clearly shows that an insurance company's declaratory judgment action arises in the judicial district where the underlying event for which the policyholder seeks insurance coverage took place; where the insurance policy was negotiated, sold, or performed; or where the insurance policy was breached.

*Second*, Gemini's argument that venue is proper here because the Lanham Act Decision has preclusive effect either in the Akerman Lawsuit or in this action conflates Gemini's *legal theory* in this action with the analysis for venue under Section 1391(b)(2). Section 1391(b)(2) asks whether the *conduct* giving rise to this action happened in the Southern District. As the Court explained at the initial conference, whether collateral estoppel or issue preclusion applies

in this action or in the Akerman Lawsuit is not the standard for determining whether venue is proper in this insurance coverage action. *See* Ex. 1, at 5:1-4 ("[T]here might be issue preclusion, but that's not really the standard for venue. Venue turns on whether or not the conduct took place here.").

Although Gemini attempts to characterize its claims and the Akerman Lawsuit as arising out of conduct in the Southern District, it is indisputable that the conduct that allegedly gave rise to this insurance coverage action happened in Brooklyn and Georgia. The Akerman Lawsuit is pending in Brooklyn, New York, and it alleges personal injury in Brooklyn arising out of the alleged sale of Acella's product at a pharmacy in Brooklyn. Even if, as Gemini contends, the Akermans allege that Acella is collaterally estopped from litigating certain issues as a result of the Lanham Act Decision, Gemini still cannot dispute that the alleged conduct for which the Akermans seek to hold Acella liable is not conduct that happened in the Southern District, but rather, the alleged sale of Neurpath-B and personal injury in Brooklyn.[2] That, in turn, is the alleged conduct for which Acella seeks coverage under an insurance policy that was sold in Georgia. Gemini seeks to exclude coverage for *that conduct* – conduct that allegedly occurred outside of the Southern District. Accordingly, the nature of Gemini's claim is that it seeks a declaratory judgment that it has no duty to defend or indemnify the Acella Defendants for their alleged conduct in Brooklyn under an insurance policy sold in Georgia.

---

[2] Acella agrees with the Court that whether issue preclusion applies in this action is not relevant to the question of venue. Thus, an analysis of whether issue preclusion applies is not pertinent to the Court's instant *sua sponte* motion to dismiss or transfer. In any event, Acella disputes Gemini's characterizations of the Akerman Lawsuit and its assertion that collateral estoppel or issue preclusion applies in the Akerman Lawsuit or in this action.

C.     **None of the Conduct Giving Rise to Gemini's Declaratory Judgment Claim Took Place in the Southern District, and Gemini Has Failed to Cite a Single Case Suggesting that a Prior Decision Is Sufficient to Establish Venue Under 28 U.S.C. § 1391(b)(2)**

Because the nature of Gemini's claim is that it seeks a declaratory judgment that it has no duty to defend or indemnify the Acella Defendants for their alleged conduct in Brooklyn under a policy sold in Georgia, the conduct that gives rise to Gemini's claim happened in Brooklyn and Georgia.  With no actual conduct in the Southern District, the only thing Gemini can point to as "occurring" in the Southern District is that this Court issued an adverse decision against the Acella Defendants in the Lanham Act Action.

At the initial conference, the Court stated that "unless the fact that I ruled in a trial that could have preclusive effects on certain key issues of the contract is enough [to establish venue in the Southern District], and I haven't seen any case to suggest that it is, then I don't think there's venue here." Ex. 1, at 6:14-20.  The Court is correct, and Gemini has failed to meet its burden legally or factually that the Lanham Act Decision constitutes *conduct* in the Southern District sufficient to lay venue here under Section 1391(b)(2).

Gemini attempts to answer the Court's observation with the decision in *Navigators Management Co. v. St. Paul Fire & Marine Insurance Co.*, No. 06-CV-0599, 2006 U.S. Dist. LEXIS 83220 (S.D.N.Y. Nov. 9, 2006).  *See* Gemini's Opp. at 7-8.  This decision lends Gemini no support.  Indeed, the question of whether a court's prior ruling or decision by itself is sufficient to establish venue was not even at issue in that case.  In *Navigators Management Co.*, the insurance company brought a declaratory judgment action regarding its coverage obligations for an allision between a ship and a floating casino in St. Louis, Missouri. *Id.* at *1-3. The dispute over insurance coverage turned on whether the captain of the ship was an employee or a borrowed servant of the policyholder. *Id.* at *1.

8

The defendant insurance companies filed a motion to transfer venue under 28 U.S.C. § 1404(a) to the Eastern District of Missouri, *id.* at *6, where various negligence actions arising out of the allision had taken place, *id.* at *3.  The defendant insurance companies argued for a transfer to the Eastern District of Missouri on the ground that the question of the captain's employment status would "require discovery and witness testimony," which were "more conveniently done in the Eastern District of Missouri."  *Id.* at *9.  By contrast, the plaintiff insurance company argued that the Eastern District of Missouri already had decided that issue, such that collateral estoppel applied, and that a transfer to the Eastern District of Missouri was not necessary to decide a pure question of law.  *Id.* at *8.

The court decided to transfer the case to the Eastern District of Missouri "because the defendants [were] not clearly collaterally estopped from litigating" whether the captain was an employee or a borrowed servant and because the facts necessary for that determination were more conveniently presented in the Eastern District of Missouri *where the underlying incident giving rise to the claim for coverage occurred. Id.* at *13-17.  Thus, contrary to Gemini's suggestion, the court did not even decide whether or not venue was proper under Section 1391(b)(2) based  solely on a prior decision that might have preclusive effect.  Rather, venue was proper in the Eastern District of Missouri based on the underlying incident occurring there, and the Court simply was deciding whether the Eastern District of Missouri was a more convenient venue.  If anything, the court's decision to transfer the action to the venue where the underlying incident occurred supports a transfer to the Eastern District of New York here, where the underlying tort allegedly occurred.

Finally, Gemini argues that because venue was proper in the Lanham Act Action, "it follows that venue is proper in this action as Gemini's various coverage positions are based almost entirely on the conduct alleged in *Merck* and the resulting legal conclusions in *Merck*."

9

Gemini's Opp. at 8-9.  This argument makes no sense and actually highlights the flaw in Gemini's contention that venue is proper in the Southern District.  *First*, as noted, Gemini's argument conflates its legal theory with the conduct that gave rise to this insurance coverage dispute, which occurred in Brooklyn and Georgia.  *Second*, to the extent that venue was proper in the Lanham Act Action, it would have arose out of entirely different conduct than the conduct that gave rise to this insurance coverage action.  *See Farberware Licensing Co. LLC v. Meyer Mktg. Co.*, No. 09-CV-2570, 2009 U.S. Dist. LEXIS 40782, at *9 (S.D.N.Y. May 14, 2009) (noting that locus of operative facts under the Lanham Act "weighs in favor of maintaining the original venue when the defendant sells the allegedly infringing products in that forum").  Here, venue depends on the conduct giving rise to the Akerman Lawsuit and Acella's insurance coverage claim.  All of this conduct occurred in Georgia – where Gemini sold the Policy – and in Brooklyn – where Acella's product allegedly was sold and where the injury in the Akerman Lawsuit allegedly happened.

Accordingly, Gemini has failed to meet its burden that venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b)(2).

## II.   WHETHER DISMISSAL OR TRANSFER IS APPROPRIATE LIES WITHIN THE "SOUND DISCRETION" OF THIS COURT

Under 28 U.S.C. § 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Venue is improper in the Southern District of New York.  Therefore, this Court must decide whether to dismiss this action or transfer it to a proper venue.

The parties do not dispute that venue would be proper in the Eastern District of New York.  Indeed, Gemini requests that the Court transfer this action to the Eastern District in the

event that the Court formally decides that venue is improper in the Southern District.  *See* Gemini's Opp. at 9-11.  Acella does not oppose Gemini's request to transfer this action to the Eastern District.

However, Gemini is incorrect that outright dismissal would be inappropriate simply because venue is proper in another district.  *See* Gemini's Opp. at 9.  To the contrary, the Second Circuit has advised that "[w]hether dismissal or transfer is appropriate [under Section 1406(a)] lies within the *sound discretion* of the district court."  *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993) (emphasis added).  District courts in the Second Circuit similarly have noted that the decision to dismiss or transfer "lies within the *sole discretion* of the district court."  *See, e.g.*, *McCulley v. Anglers Cove Condo. Ass'n*, 977 F. Supp. 177, 181 (E.D.N.Y. 1997) (emphasis added).  Indeed, courts have dismissed cases for improper venue even though venue was appropriate in another district.  *See Seneca*, 2003 U.S. Dist. LEXIS 1608, at *10-12 (dismissing case for improper venue "with prejudice as to refiling in [the Southern District of New York] and without prejudice to refiling in an appropriate court in Texas," where "[a]ll of the key events occurred").

Here, Acella respectfully submits that dismissal would be within the "sound discretion" of this Court because Gemini engaged in forum shopping.  Gemini's only basis for filing in the Southern District was that this Court issued an adverse decision against the Acella Defendants in a Lanham Act case alleging conduct in the Southern District unrelated to this insurance coverage dispute.  Gemini failed to provide a single case suggesting that the Lanham Act Decision alone can serve as an "*act or omission*" establishing venue under 28 U.S.C. § 1391(b)(2).  *Daniel*, 428 F.3d at 432 (emphasis added).  Accordingly, dismissal would be appropriate and just in this case.

## CONCLUSION

For the foregoing reasons, Acella respectfully requests that the Court enter an order: (1) declaring that venue is improper in the Southern District of New York; (2) dismissing or transferring this action to the Eastern District of New York; and (3) granting such other, further, or different relief as the Court deems just and proper.

Dated:  July 30, 2018                    **ANDERSON KILL P.C.**

                                         By: */s/ Raymond A. Mascia Jr.*
                                         William G. Passannante, Esq.
                                         Raymond A. Mascia Jr., Esq.
                                         1251 Avenue of the Americas
                                         New York, New York 10020
                                         Telephone: (212) 278-1000
                                         Facsimile: (212) 278-1733
                                         E-mail:  wpassannante@andersonkill.com
                                         E-mail:  rmascia@andersonkill.com

                                         *Attorneys for Defendant Acella*
                                         *Pharmaceuticals, LLC*